NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0064n.06

No. 13-1430

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jan 24, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| TONY ORAHA JARJIS, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: ROGERS, McKEAGUE, and WHITE, Circuit Judges.

PER CURIAM. Tony Oraha Jarjis, a federal prisoner, appeals through counsel the sentence imposed following his guilty plea to a charge of wire fraud.

Jarjis ran a convenience store in Saginaw, Michigan, which came to the attention of the government due to its extremely high redemption of benefits under the Women, Infants, and Children (WIC) program and Supplemental Nutritional Assistance Program (SNAP). An undercover investigation revealed that Jarjis would purchase WIC and SNAP benefits from customers for less than their full value in cash and then claim reimbursement from the government for the full value of the benefits. Jarjis entered a guilty plea to one count of wire fraud under a written plea agreement that left the amount of restitution to the district court. At the sentencing hearing, the district court addressed the issue of the amount of restitution Jarvis owed the WIC and SNAP programs. The government presented three methods of calculating the amount: a comparison between the numbers from the store before the scheme was discovered

and those from the store after Jarjis knew he had been caught, a comparison with similar stores in the same area, and a comparison with stores state-wide. All three methods arrived at amounts over $200,000. The district court used the second method, after removing the figures from two outlying stores, to the benefit of Jarjis, in arriving at a figure of $288,770.

On appeal, Jarjis argues that the district court used improper methodology to calculate the amount of loss and that the amount of restitution was required to be established beyond a reasonable doubt. Alternatively, he argues that the amount of restitution in this case was not established even by a preponderance of the evidence.

Jarjis cites *Southern Union Co. v. United States*, 132 S. Ct. 2344, 2350 (2012), in support of his argument that the amount of restitution had to be proven beyond a reasonable doubt. That case held that facts that increase the amount of a fine beyond the statutory maximum must be found beyond a reasonable doubt. However, this court has held that the requirement of proving facts beyond a reasonable doubt does not apply to restitution, both because restitution has no statutory maximum and because the Mandatory Victim Restitution Act mandates that judges determine the amount. *United States v. Sosebee*, 419 F.3d 451, 461-62 (6th Cir. 2005). Even after the *Southern Union* decision, other circuits have continued to hold that the requirement of finding facts beyond a reasonable doubt does not apply to restitution. *See United States v. Green*, 722 F.3d 1146, 1150-51 (9th Cir. 2013); *United States v. Wolfe*, 701 F.3d 1206, 1216-17 (7th Cir. 2012), *cert. denied*, 133 S. Ct. 2797 (2013); *United States v. Day*, 700 F.3d 713, 732 (4th Cir. 2012), *cert. denied*, 133 S. Ct. 2038 (2013). Therefore, we reject the argument that the amount of restitution had to be proven beyond a reasonable doubt.

Jarjis argues that, in the alternative, the district court's finding of the amount of restitution in this case did not even satisfy the preponderance of the evidence standard. We

review a determination of the amount of restitution for an abuse of discretion. *United States v. Reaume*, 338 F.3d 577, 585 (6th Cir. 2003). No abuse of discretion is apparent in this case, where the district court had three methods of calculating the amount of restitution, each of which yielded a similar number, thus supporting their accuracy. Jarjis has not shown that the district court's calculation was inaccurate or outside the realm of permissible computations. *See United States v. Jackson*, 25 F.3d 327, 330 (6th Cir. 1994).

Accordingly, we affirm the district court's judgment.